Filed 8/20/21  P. v. Miles CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TYRONE LEE MILES,<br><br>    Defendant and Appellant. | B300619<br>(Los Angeles County<br> Super. Ct. No. BA455754) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Affirmed.

Laurie Wilmore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, and Blythe J. Leszkay, Deputy Attorney General, for Plaintiff and Respondent.

This is an appeal from a resentencing hearing following remand in defendant and appellant Tyrone Lee Miles's direct appeal in *People v. Miles* (Jan. 8, 2019, B284253) [nonpub. opn.] (*Miles I*).[1] Consistent with our opinion in *Miles I*, at the resentencing hearing the trial court struck appellant's conviction on count 2 for assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)),[2] and re-imposed an 11-year sentence on count 1 for assault with a deadly weapon (§ 245, subd. (a)(1)). The court also re-imposed a total of $370 in fines and assessments on count 1, a ruling to which defense counsel did not object.

In this appeal, appellant contends the trial court violated his due process rights by ordering him to pay the fines and assessments without first determining his ability to pay. He alternatively contends his trial counsel was unconstitutionally ineffective in failing to object on the ground of inability to pay.

The People contend, and we agree, that appellant has forfeited his claim regarding his ability to pay the fines and assessments. We also find no merit to appellant's ineffective assistance claim. We affirm.

---

[1]     We previously granted appellant's request to take judicial notice of the appellate record in *Miles I*.

[2]     Unspecified references to statutes are to the Penal Code.

# BACKGROUND

A jury convicted defendant and appellant Tyrone Lee Miles of assault with a deadly weapon, to wit, a knife (§ 245, subd. (a)(1), count 1), and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 2).  The court found appellant had suffered a prior felony conviction for robbery, both as a serious felony (§ 667, subd. (a)) and as a prior strike (§§ 667, subds. (a)(1) & (b)-(j), 1170.12, subd. (b)).  On July 28, 2017, the court sentenced appellant to 11 years in state prison, and imposed a minimum restitution fine of $300 (§ 1202.4, subd. (b)), imposed a suspended parole revocation fine in the same amount (§ 1202.45), and imposed a $40 court operations assessment (§ 1465.8) and $30 criminal conviction assessment (Gov. Code, § 70373).

In his direct appeal in *Miles I*, we struck appellant's conviction in count 2 for assault by means of force likely to produce great bodily injury as an impermissible dual conviction (both convictions arose out of the same course of conduct during appellant's attack), and remanded the case for the trial court to consider whether to strike the section 667, subdivision (a) enhancement.  (*Id.* at pp. 1, 10–11.)  In all other respects, we affirmed the judgment of conviction.  (*Id.* at p. 11.)

On remand for resentencing on June 12, 2019, the court vacated and dismissed appellant's conviction on count 2.  Defense counsel requested that the "court [exercise its discretion to strike the five-year prior pursuant to . . . section 667] in this matter."  The court denied defense counsel's request to strike the enhancement after briefly noting that appellant had committed the assault with a deadly weapon while

3

on probation for another offense.[3] As relevant to this appeal, the issue of fines and fees was not raised by defense counsel at the resentencing hearing.

Appellant filed a timely notice of appeal on August 8, 2019. Five months later, appellant's appointed counsel in this appeal submitted a letter brief to the trial court requesting, inter alia, that it strike the assessments and stay the restitution fine "until [appellant had the] ability to pay it." (Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*).)[4] The court denied appellate counsel's written request.

## DISCUSSION

Appellant contends the trial court violated his due process rights by ordering him to pay $370 in fines and assessments without first determining his ability to pay. Alternatively, he contends his trial counsel was unconstitutionally ineffective in failing to object on the ground of inability to pay under *Dueñas*.

---

[3] In a related habeas corpus petition, appellant contends that defense counsel's failure to investigate or provide mitigating evidence to support the striking of the section 667, subdivision (a) enhancement constituted ineffective assistance of counsel. (See *In re Miles*, B310711.) Concurrently with this appeal, we issue an order to show cause returnable in the superior court limited to that issue.

[4] Our Supreme Court has granted review to resolve a split in authority with regard to whether trial courts are obligated to consider defendants' ability to pay before imposing or executing fines, fees, and assessments, and if so, which party bears the burden of proof on the defendants' inability to pay. (See *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

The People contend, and we agree, that appellant has forfeited the issue by failing to raise it below during the original sentencing hearing and the resentencing hearing. (See, e.g., *People v. Torres* (2020) 47 Cal.App.5th 984, 991; *People v. Bipialaka* (2019) 34 Cal.App.5th 455, 464; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1155.)

To the extent appellant faults his trial counsel for failing to raise a *Dueñas*-style challenge, his claim fails for two reasons.

First, the trial court has already denied his request to strike the assessments and stay the restitution fine while retaining jurisdiction to correct any error in the imposition or calculation of fines, fees, or assessments. (See § 1237.2; *People v. Walker* (2021) __ Cal.App.5th __ [2021 WL 3204530] [pp. 3-4]; *People v. Torres* (2020) 44 Cal.App.5th 1081, 1086.) If, as appellant concedes, an objection would have been futile, his trial counsel cannot have been ineffective for failing to make it. (See *People v. Thompson* (2010) 49 Cal.4th 79, 122 ["Counsel is not ineffective for failing to make frivolous or futile motions"].)

Second, appellant has failed to satisfy his burden to show prejudice. (See *People v. Centeno* (2014) 60 Cal.4th 659, 674–676.) We find no indication in the record that appellant was unable to pay the restitution fine and assessments. That appellant was represented by appointed counsel in the trial court is not determinative of his ability to pay a sum of $370. (See *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1075–1076 (*Aviles*); *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397 ["a defendant may lack the 'ability to pay' the costs of court-appointed counsel yet have the 'ability to pay' a restitution fine"].) Moreover,

there is no record that appellant is unable to earn prison wages or money following his release from custody.  (See *Aviles*, *supra*, at p. 1076 [consideration of ability to pay "'include[s] the defendant's ability to obtain prison wages and to earn money after his release from custody'"].)  Indeed, appellant has conceded that his trial counsel knew he "was a young man, and had received a lengthy prison sentence."  Considering appellant is serving a term of imprisonment of 11 years, the court could reasonably have found appellant will be able to pay a sum of $370 from prison wages over the length of his sentence, or from earnings after his release from custody.  Thus, appellant's *Dueñas* claim fails.

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.


6